UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY SCOTT PHILLIPS, | ) | 5:13CV0693 |
| | ) | |
| Petitioner | ) | JUDGE JEFFREY J. HELMICK |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| CHRISTOPHER LaROSE, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | MEMORANDUM AND |
| | ) | <u>ORDER</u> |

McHARGH, MAG. J.

    The petitioner Jeffrey Scott Phillips ("Phillips") has filed an amended petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2010 convictions for aggravated murder, aggravated robbery, and other crimes in the Stark County (Ohio) Court of Common Pleas. (Doc. 10.) In his petition, Phillips sets forth five grounds for relief:

> 1. Petitioner's constitutional rights were violated when the petitioner's counsel failed to object to the introduction of hearsay in the form of an FBI generated cell tower analysis and report which was received and used by the investigating agency as a foundation for prejudicial charts and testimony which was introduced at trial to show the vicinity of cell phone towers.
>
> 2. The trial court violated the petitioner's constitutional rights when it permitted the introduction of a letter to an unrelated third party, which included otherwise inadmissible other acts of evidence.

1

    3. The trial court's decision to allow the introduction of gruesome crime scene photos and photos of the autopsy were highly inflammatory and highly prejudicial towards this petitioner.

    4. The jury's verdict is against the sufficiency and manifest weight of the evidence presented at trial.

    5. The trial court abused its discretion in failing to grant petitioner's motion to vacate fines and costs.

(Doc. 10, amended petition, Attachment C, at 3-7 .)

The respondent filed a Return of Writ (doc. 13), and Phillips has not yet filed a Traverse.

Currently before the court is the petitioner's motion for the court to issue a copy of his trial transcripts "in order to properly respond to the Respondent's reply [Return of Writ.]" He claims that he cannot prepare a proper response without a copy of the transcripts. (Doc. 12).

The respondent has filed an opposition to the motion. In opposing the motion, the respondent points out that the State provided a free copy of his trial transcript for his direct appeal, and the respondent should not be compelled to provide another. (Doc. 16.)

At the time when Phillips filed his motion (doc. 12), the respondent had not yet filed the Return of Writ (doc. 13). The Return of Writ filed by the respondent includes the trial transcript, as well as the briefs and rulings in various appeals, post-conviction motions, and other pertinent materials for the court's consideration. *See generally* doc. 13, and exhibits. However, a review of the Return reveals that the respondent does not cite to the trial transcript.

2

A criminal defendant has no constitutional right to a transcript to assist in a post-conviction proceeding. *Williams v. Trombley*, No. 05-CV-71580, 2007 WL 3124677, at *1 (E.D. Mich. Oct. 25, 2007). In addition, because counsel for Phillips had access to the trial transcript in his direct appeal, he is not entitled to a second copy for this proceeding. *Williams*, 2007 WL 3124677, at *1 (citing *Smith v. United States*, 421 F.2d 1300, 1301 (6th Cir. 1970)); *see also* doc. 16, RX A (transcript for indigent defendant).

Finally, Phillips is not entitled to a free transcript because he has failed to point to any specific need for transcripts to prepare his Traverse. *Williams*, 2007 WL 3124677, at *1; *United States ex rel. Williams v. Delaware*, 427 F.Supp. 72, 73-74 (D. Del. 1976); *Bozeman v. United States*, 354 F.Supp. 1262, 1263 (E.D. Va. 1973). Even if some showing of particularized need had been made, only the appropriate portions of the transcript would be required. *Bozeman*, 354 F.Supp. at 1264.

The petitioner is reminded that the task of a federal habeas court is not to re-try his case, nor to overturn state court judgments by substituting the judgment of this court. *Neace v. Edwards*, No. 02-4079, 2005 WL 1059274, at *6 (6th Cir. May 6, 2005) (citing *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)). Federal district courts are not simply another level of "appellate tribunals to review alleged errors in state court judgments of conviction." *Baker v. Reid*, 482 F.Supp. 470, 471 (S.D. N.Y. 1979).

Rather, the question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2002). The documents and exhibits filed by the respondent appear satisfactory to allow the court to make that determination.

The motion for trial transcripts (doc. 12) is DENIED. However, during the pendency of this motion, the deadline for Phillips to file his Traverse had passed. Because it was not unreasonable for Phillips to await a ruling on his motion, the court will sua sponte extend the deadline for Phillips to file his Traverse. Phillips shall file his Traverse within thirty (30) days of the receipt of this Order.

IT IS SO ORDERED.

Dated:  Feb. 3, 2015                                    /s/ Kenneth S. McHargh
                                                        Kenneth S. McHargh
                                                        United States Magistrate Judge

4