UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY SCOTT PHILLIPS,          ) 5:13CV0693
                                 )
          Petitioner             ) JUDGE JEFFREY J. HELMICK
                                 ) (Magistrate Judge Kenneth S. McHargh)
     v.                          )
                                 )
CHRISTOPHER LaROSE,              )
          Warden,                )
                                 )
          Respondent             ) MEMORANDUM AND
                                 ) ORDER

McHARGH, MAG. J.

The petitioner Jeffrey Scott Phillips ("Phillips") has filed an amended petition

pro se for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2010

convictions for aggravated murder, aggravated robbery, and other crimes in the

Stark County (Ohio) Court of Common Pleas.  (Doc. 10.)

The respondent filed a Return of Writ (doc. 13), and Phillips has not yet filed

a Traverse.

Currently before the court is the petitioner's motion for reconsideration of the

court's ruling (doc. 17) denying his earlier motion (doc. 12) for a copy the trial

transcripts, along with a motion for extension of time to file his Traverse.  (Doc. 18,

19).

The court's earlier ruling noted that a criminal defendant has no

constitutional right to a transcript to assist in a post-conviction proceeding.  (Doc.

1

17, at 3.)  The court also pointed out that Phillips had failed to point to any specific need for transcripts to prepare his Traverse.  *Id.*  These facts remain true, and ordinarily the court would not order the provision of the transcripts.

The court is not generally inclined to require the submission of complete trial transcripts, except where the claims of the petition would so require.  *See, e.g.*, *Clark v. Waller*, 490 F.3d 551, 555 (6th Cir.), *cert. denied*, 552 U.S. 1030 (2007) (no general rule requiring court to review transcript in all cases); *Kincaid v. Welch*, No. 1:09 CV 00890, 2009 WL 4110878, at *1 (N.D. Ohio Nov. 19, 2009); *Pankey v. Smith*, No. 4:09CV617, 2009 WL 3622891, at *11-*12 (N.D. Ohio Oct. 29, 2009). However, Habeas Rule 5 provides that the respondent "must attach to the answer parts of the transcript that the respondent considers relevant."  Rule 5 of Rules Governing Section 2254 Cases.  The Return of Writ as filed by the respondent includes the trial transcript, as well as the briefs and rulings in various appeals, and other pertinent materials for the court's consideration.  *See generally* doc. 13, at 6, and exhibits.  The petitioner is entitled to copies of those exhibits which the respondent saw fit to file along with the Return of Writ.

Thus, the motion for reconsideration (doc. 18) is granted, in part.  The respondent shall provide the trial transcript, as well as any other exhibits attached to the Return of Writ which have not already been provided, to the petitioner within fourteen (14) days of the receipt of this Order.

However, the petitioner is reminded that the task of a federal habeas court is not to re-try his case, nor to overturn state court judgments by substituting the judgment of this court. *Neace v. Edwards*, No. 02-4079, 2005 WL 1059274, at *6 (6th Cir. May 6, 2005) (citing *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)).  Federal district courts are not simply another level of "appellate tribunals to review alleged errors in state court judgments of conviction." *Baker v. Reid*, 482 F.Supp. 470, 471 (S.D. N.Y. 1979).  Rather, the question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2002).

The motion for reconsideration (doc. 18) is GRANTED.  The respondent shall provide a copy of the trial transcript, as well as any other exhibits attached to the Return of Writ which have not already been provided, to the petitioner within fourteen (14) days of the receipt of this Order.

The motion for extension of time (doc. 19) is GRANTED.  Phillips shall file his Traverse within forty-five (45) days of the receipt of this Order.


IT IS SO ORDERED.


Dated:   Mar. 6, 2015                                  /s/ Kenneth S. McHargh
                                                    Kenneth S. McHargh
                                                    United States Magistrate Judge

3