UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY SCOTT PHILLIPS, | ) | 5:13CV0693 |
| | ) | |
| Petitioner | ) | JUDGE JEFFREY J. HELMICK |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| CHRISTOPHER LaROSE, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | MEMORANDUM AND |
| | ) | <u>ORDER</u> |

McHARGH, MAG. J.

The petitioner Jeffrey Scott Phillips ("Phillips") has filed an amended petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2010 convictions for aggravated murder, aggravated robbery, and other crimes in the Stark County (Ohio) Court of Common Pleas. (Doc. 10.)

The respondent filed a Return of Writ (doc. 13), and Phillips has not yet filed a Traverse.

Currently before the court are petitioner's motion for an order to provide transcripts (doc. 22), and petitioner's motion for leave to file a reply to the warden's response (doc. 24.)

The court had granted petitioner's motion for reconsideration, which directed respondent to provide the trial transcript, as well as any other exhibits attached to the Return of Writ which had not already been provided, to the petitioner. (Doc.

1

20.) Within several days, the respondent filed a notice of compliance, stating that the state court transcripts had been mailed via ordinary U.S. Mail, and that all other exhibits attached to the Return of Writ had been mailed several months earlier. (Doc. 21.)

The petitioner now claims that he has not received the complete transcripts. (Doc. 22; doc. 24.)

In response to the petitioner's motions, the respondent recites that complete copies of the state court record exhibits were provided to the petitioner via ordinary mail on January 16, 2015, and that the state court transcripts were provided via ordinary mail on March 6, 2015. (Doc. 23, at 1; see also doc. 21.)

The sister of the petitioner contacted the attorney general's office, and claimed that the transcripts had been damaged in transit, and so the respondent sent a second complete set of state court transcripts to the petitioner. (Doc. 23, at 1.)

Then, shortly thereafter, the sister contacted the attorney general's office, and claimed that the Return of Writ and attached exhibits had been damaged in transit, and so the respondent sent another complete copy of the Return of Writ and the state court record to the petitioner. (Doc. 23, at 1-2.)

The court is not generally inclined to require the submission of complete trial transcripts, except where the claims of the petition would so require. *See, e.g.*, *Clark v. Waller*, 490 F.3d 551, 555 (6th Cir.), *cert. denied*, 552 U.S. 1030 (2007) (no general rule requiring court to review transcript in all cases); *Kincaid v. Welch*, No.

1:09 CV 00890, 2009 WL 4110878, at *1 (N.D. Ohio Nov. 19, 2009); *Pankey v. Smith*, No. 4:09CV617, 2009 WL 3622891, at *11-*12 (N.D. Ohio Oct. 29, 2009). The claims in the petition do not appear to require review of the trial transcripts, rather than the ordinary habeas review of the state courts' determination(s) concerning any federal claims raised therein. Because the Return of Writ as filed by the respondent included the trial transcript, the court had ordered the respondent to provide same to the petitioner.

However, the petitioner is reminded that the task of a federal habeas court is not to re-try his case, nor to overturn state court judgments by substituting the judgment of this court. *Neace v. Edwards*, No. 02-4079, 2005 WL 1059274, at *6 (6th Cir. May 6, 2005) (citing *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)). Federal district courts are not simply another level of "appellate tribunals to review alleged errors in state court judgments of conviction." *Baker v. Reid*, 482 F.Supp. 470, 471 (S.D. N.Y. 1979). Rather, the question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2002).

The court is satisfied with the representations of counsel for the respondent, as an officer of the court, that the complete state court record has been provided, more than once, for the petitioner's review. The court will not order further

production. In addition, any arguments on the merits of the claims of the petition will not be addressed until the briefing is completed.

The petitioner's motion for an order to provide transcripts (doc. 22), and petitioner's motion for leave to file a reply to the warden's response (doc. 24), are DENIED. The petitioner shall filed his Traverse within thirty (30) days of the receipt of this Order.

IT IS SO ORDERED.

Dated:  Sept. 11, 2015                             /s/ Kenneth S. McHargh
                                                                Kenneth S. McHargh
                                                                United States Magistrate Judge