UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey Scott Phillips,                                    Case No. 5:13-cv-693

        Petitioner

v.                                                         MEMORANDUM OPINION

Christopher LaRose,

        Respondent

## I. INTRODUCTION

On March 29, 2013, *pro se* Petitioner Jeffrey Scott Phillips filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Petitioner sought a request for a stay of his petition pending exhaustion of a post-conviction petition. (Doc. No. 2). The petition was dismissed, without prejudice, pending Petitioner exhausting his state court remedies. (Doc. No. 4).

On August 12, 2014, Petitioner moved to reopen his case and amend his petition. (Doc. No. 7). Pursuant to my order, Petitioner's case was reopened and his amended petition was filed on November 6, 2014. (Doc. No. 10). The matter was referred to Magistrate Judge Kenneth S. McHargh for a Report and Recommendation.

The Magistrate Judge issued a thirty-seven page Report and Recommendation addressing procedural default, cognizable claims, as well as the merits of the remaining claims. (Doc. No. 30). The Report recommended denying the petition. Petitioner filed timely objections to the Report (Doc. No. 35) and the Respondent filed a response thereto. (Doc. No. 36). Also before me is

Petitioner's motion for correction of a clerical error in his objections. (Doc. No. 37). As there is no opposition to this motion, I grant Petitioner's motion for correction of an error in his objections.

For the reasons stated below, I find the objections of the Petitioner well taken in part and overruled in part. I also adopt the Magistrate Judge's recommendations in part and overrule them in part.

## II. BACKGROUND

In the Report, Magistrate Judge McHargh set forth a comprehensive procedural background of this case. (Doc. No. 30 at pp. 4-10). As there are no objections as to that portion of the Report, I adopt that section in full and incorporate it by reference into this opinion.

In November 2010, Petitioner was convicted of aggravated murder, aggravated burglary, tampering with evidence, and arson in the Court of Common Pleas for Stark County, Ohio. His amended petition contains the following five grounds for relief:

1. Petitioner's constitutional rights were violated when the petitioner's counsel failed to object to the introduction of hearsay in the form of an FBI generated cell tower analysis and report which was received and used by the investigating agency as a foundation for prejudicial charts and testimony which was introduced at trial to show the vicinity of cell phone towers.

2. The trial court violated the petitioner's constitutional rights when it permitted the introduction of a letter to an unrelated third party, which included otherwise inadmissible other acts of evidence.

3. The trial court's decision to allow the introduction of gruesome crime scene photos and photos of the autopsy were highly inflammatory and highly prejudicial toward this petitioner.

4. The jury's verdict is against the sufficiency and manifest weight of the evidence presented at trial.

5. The trial court abused its discretion in failing to grant petitioner's motion to vacate fines and costs.

(Doc. No. 30 at p. 2).

## III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

## IV. OBJECTIONS AND ANALYSIS

### A. Transcripts

The first objection centers on the lack of access to the trial transcripts and the Magistrate Judge's mistaken perception that Petitioner was in possession of these transcripts.

Shortly after the amended petition was filed, Petitioner moved for a copy of the trial transcripts to allow him to prepare a proper response with specific references to the record. (Doc. No. 12). The Respondent's opposition noted there is no constitutional right to a free transcript in a collateral proceeding, adding the Petitioner already received a free copy of the transcripts at the State's expense. (Doc. No. 16). In support, the Respondent attached a copy of the request and approval for a copy of the trial transcript for the Petitioner/Defendant's use in his appeal. (Doc. No. 16-1). The Magistrate Judge denied Petitioner's request for a copy of the trial transcripts. (Doc. No. 17).

Petitioner filed a motion for reconsideration of his transcript request attaching the December 10, 2010 correspondence from his appointed appellate counsel who advised him as follows:

> For your information, a criminal defendant is entitled to one copy of a transcript which is filed with the clerk and used by both the defense and the state to review. Due to expense, I generally do not make additional copies. However, you can order a copy of the transcript at an additional cost to you. The court reporter's office can quote a price for the copy.

(Doc. No. 18-1 at p. 3). In his motion to the Magistrate Judge, Petitioner reiterated his need for the trial transcripts and his indigent status.

In granting Petitioner's motion for reconsideration, Magistrate Judge McHargh noted that the Return of Writ by Respondent "includes the trial transcript" along with other legal memoranda and rulings pertinent to the case. In his three page order, the Magistrate Judge ordered as follows:

> The respondent *shall provide a copy of the trial transcript*, as well as any other exhibits attached to the Return of Writ which have not already been provided, to the petitioner within fourteen (14) days of the receipt of this Order.

(Doc. No. 20 at p. 3). (Emphasis added).

Three days after this Order issued, the Respondent filed a Notice of Compliance indicating that "copies of the state court transcripts (**Doc. 13-2 thru Doc. 13-11 PageID #498-949**) were mailed via ordinary U.S. Mail" to Petitioner. (Doc. No. 21) (Bold in original).

Two weeks later, Petitioner filed a second motion requesting the respondent provide transcripts of the trial proceedings. (Doc. No. 22). In his motion, the Petitioner stated he "received a package of information from Respondent that included pretrial transcripts and sentencing transcripts to include mitigation. As of this filing, which is beyond the time limit set by the Court, Petitioner has not received a copy of the trial transcripts ordered by this Court." (*Id.*)

In his response, the Respondent made the following representations:

> Additionally, on March 6, 2015, the AGO mailed complete copies of the state court transcripts, including the jury trial transcripts (**Doc. 13-2 thru Doc. 13-11 PageID #498-949**), to Phillips via ordinary U.S. mail.
> Phillips' sister contacted the AGO and claimed that the transcripts were damaged in transit, so on March 11, 2015, the AGO mailed another complete set of state court transcripts, including the jury trial transcripts (**Doc. No. 13-2 thru Doc. 13-11 Page ID #498-949**), to Phillips via ordinary U.S. mail. Phillips' sister later contacted the AGO and claimed that the Answer/Return of Writ and attached exhibits had been sent to Phillips in January had been damaged in transit. In response, on March 20, 2015, the AGO mailed another complete copy of the Answer/Return of Writ (**Doc. Page ID #71-118**) and the state court record exhibits (**Doc. 13-1 PageID # 119-497**) to Phillips via ordinary U.S. mail.

(Doc. No. 23 at pp. 1-2). (Bold in original). Based upon these statements, the Respondent opposed Petitioner's renewed request for the trial court transcripts. Nine days later, Petitioner sought leave of court for an order to file a reply and attached his proposed reply to his motion. (Doc. No. 24).

Nearly five months later, the Magistrate Judge denied Petitioner's request noting that "[t]he court [wa]s satisfied with the representations of counsel for the respondent, as an officer of the court, that the complete state court record has been provided, more than once for the petitioner's review. The court will not order further production." (Doc. No. 25).

In his objections, Petitioner details exactly what records were included in the Respondent's Return of Writ. He states that the "mailing was devoid of any jury trial transcripts, which would include witness testimony." (Doc. No. 35 at p. 4). The Respondent lists the documents mailed, including those designated as the "jury trial" and contained within Doc. Nos. 13-2 thru 13-11. (Doc. No. 36 at p. 3).

This Court has carefully reviewed the attachments to the Respondent's Return of Writ and finds that supplemental transcript volume 9[1] has a cover sheet identifying a 257 page document as the "TRANSCRIPT OF JURY TRIAL." (Doc. No. 13-10). A review of this transcript, however, reveals that is a transcript of the *sentencing phase* of the trial. There are no transcripts from the jury trial in the Respondent's Return of Writ on the charges of which Petitioner was found guilty.

The Respondent is correct that there is no constitutional right to a jury trial transcript. The circumstances of this case, however, demonstrate the failure of the *pro se* Petitioner to gain access to the jury trial transcript in light of his continued and specific requests to the Court.

Under Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts:

> **(c) Contents: Transcripts.**
>
> . . . . The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished.

*See e.g. Nash v. Eberlin*, 437 F.3d 519, 523 (6th Cir. 2006) (citing Rule 5(c) and noting the relevancy in instances to certain petitioner habeas claims). The Magistrate Judge in his March 6, 2015 Order

---

[1] The Respondent's Return of Writ stated that Tr. Vol. 9 was a transcript of the jury trial. (Doc. No. 13 at p. 6).

expressly required the Respondent to provide a copy of the trial transcript. The Magistrate Judge also determined Petitioner's sufficiency of the evidence claim warranted a merits review. It poses great difficulty to a *pro se* litigant who never had access to the trial transcript to prepare a response on a sufficiency of the evidence claim from a trial that took place nearly seven years ago. Given the circumstances in this case and out of an abundance of caution, those transcripts will be made available to the Petitioner.

Accordingly, I find Petitioner's objection on the trial transcripts well taken. The Respondent is ordered to serve copies of the trial transcripts on the Petitioner and certify its compliance within 45 days of this Order. Additionally, the Respondent shall file copies of the transcript with this Court.

**B. Procedural Default**

Petitioner's next objections are with the Report's recommendation that his claims contained in his second and third grounds for relief are procedurally defaulted. The Magistrate Judge found the Petitioner had not "fairly presented" his claims to his direct appeal.

The Sixth Circuit recently affirmed the standard on this issue:

> To determine whether a petitioner has fairly presented a claim in state court, we ask whether the petitioner: (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. Sept. 8, 2017) (citation omitted).

In this situation, Petitioner contends he fairly presented his claims as he relied upon state cases employing federal constitutional analysis. His appellate brief cited two Supreme Court of Ohio cases which contained analysis of claims related to his, employed analysis on constitutional issues as

6

well as citing to federal cases in support. He argues this is sufficient to meet the "fairly presented" standard. I disagree.

The United States Supreme Court considered an analogous situation in *Baldwin v. Reese*, 541 U.S. 27 (2004). The Court reversed the Oregon Supreme Court's holding that the state appellate judge was required to read a lower court opinion in order to discover the federal claim:

> [T]he opinion-reading requirement would impose a serious burden upon judges of state appellate court, particularly those with discretionary review powers. Those courts have heavy workloads, which would be significantly increased if their judges had to read through lower court opinions or briefs in every instance. . . .
>
> Finally, we do not find such a requirement necessary to avoid imposing unreasonable procedural burdens upon state prisoners who may eventually seek habeas corpus. A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

*Id.* at 31-32. The same analysis applies to Petitioner's situation. His appellate counsel did not cite to federal case law nor frame the issues implicating constitutional violations in his direct appeal. In his *pro se* memorandum in support of jurisdiction to the Supreme Court of Ohio, Petitioner did invoke violations to the United States Constitution on the introduction of the letter and crime scene photographs. (Doc. No. 13-1, pp. 159, 164). However, his arguments on those issues did not contain any discussion of constitutional violations nor did he cite to any federal case law for support. This is insufficient for purposes of procedural default. *Hand*, 2017 WL 3947732 at *19.

Petitioner also objects to the Magistrate Judge's finding on an actual innocence argument to excuse a procedural default. He states he has repeated and maintained his innocence all along. He notes his purpose for filing a post-conviction petition was to include an affidavit of a witness who could attest to his innocence. Unfortunately, his petition does not reflect this information nor is such an affidavit part of the record so that issue is not properly before me. Therefore, Petitioner has failed to meet the requirements of the actual-innocence exception which requires the "petitioner

7

[ ] present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.' " *Bell v. Howes*, 703 F.3d 848, 854-55 (6th Cir. 2012).

Accordingly, the Petitioner's objections on procedural default are overruled.

**C. Cognizable Claims**

The Petitioner also objects to the Magistrate Judge's determinations that grounds two, three, and part of four are not cognizable in a habeas corpus action. There is no objection to the recommendation as to ground five.

1. Grounds Two and Three: Trial Court Evidentiary Rulings and Error

As noted by the Supreme Court in *Estelle v. McGuire*, 502 U.S. 62, 68 (1991), "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." The Court noted "it [wa]s not the province of the federal habeas court to reexamine state-court determinations on state law questions." *Id.* at 67-68.

Grounds two and three charge the trial court erred in its evidentiary rulings regarding the letter and crime scene photographs. " 'A state court's evidentiary ruling is not generally cognizable in federal habeas corpus, unless the decision was so fundamentally unfair that it amounts to a due process violation.' " *Smith v. Warden, Ross Correctional Institution*, Case No. 16-3157, 2017 WL 3623939 (6th Cir. 2017) quoting *Henness v. Bagley*, 644 F.3d 308, 326 (6th Cir. 2011).

The Petitioner's objections charge admission of the letter and photographs at his trial denied him fundamental fairness, denied him justice, are rooted in federal standards of evidence, and are of a constitutional nature. I disagree.

The Magistrate Judge's analysis correctly determined the challenged evidentiary rulings were not cognizable claims to consider in a habeas review. He then embarked on an analysis, including

8

the relevant basis for admission of these exhibits and determined the admissions did not violate the Petitioner's right to fundamental fairness. Petitioner's objections do not provide a basis or precedent to demonstrate fundamental unfairness as to the admission of these exhibits at his trial. Therefore, the Petitioner's objections are overruled on this issue.

    2.    Ground Four: Manifest Weight of the Evidence.

The Petitioner objects to the Magistrate Judge's determination on ground four, that his convictions were against the manifest weight of the evidence. He acknowledges that such a claim is not a proper subject of review in the habeas context; however, he argues that "the Due Process Clause does provide relief for who have been convicted without enough proof, both to prove the elements of the offense and the persuasiveness of that evidence, to allow a rational trier of fact to find guilt beyond a reasonable doubt." (Doc. No. 35 at p. 12).

The Petitioner conflates two distinct issues; sufficiency of the evidence and the manifest weight of the evidence. Sufficiency of the evidence is a proper subject for review in a § 2254 habeas petition. *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006). A challenge to his conviction being against the manifest weight of the evidence differs because it asks another (federal habeas) court to sit in review as another state appellate court. *See State v. Thompkins*, 78 Ohio St.3d 380, 386-89 (1997). Accordingly, as presented in his petition, it is outside the proper role of a habeas court.

Here, the Petitioner's sufficiency of the evidence claim was addressed in the Magistrate Judge's review on the merits. Because I am ordering the state to provide Petitioner with the trial court transcripts, he will be able to supplement arguments on that issue, to the extent he deems it necessary. The Petitioner's objections on the manifest weight of the evidence ground is overruled.

## V. CONCLUSION

For the reasons stated above, the Petitioner's motion to correct an error in his objection (Doc. No. 37) is granted.

The Petitioner's objections are well taken as they pertain to the lack of his trial court transcripts. The remainder of his objections are overruled.

Therefore, I adopt, in part, the Magistrate Judge's May 6, 2016 Report and Recommendation. Specifically, I adopt the Magistrate Judge's recommendations on procedural default and cognizable claims. (Doc. No. 30 at pp. 16-24).

The Respondent is ordered to secure and serve copies of the trial transcripts on Petitioner within 45 days of this Order. The Respondent shall also file those trial transcripts on this docket.

This matter will be referred back to Magistrate Judge Ruiz[2] for further proceedings on the remaining claims.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge

---

[2] Due to Magistrate Judge McHargh's retirement from the Court, Magistrate Judge Ruiz is the assigned magistrate judge to this case. (Doc. Entry dated October 6, 2016).