UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey Scott Phillips, *pro se*,	Case No. 5:13-cv-693

    Petitioner,

v.	MEMORANDUM OPINION
    AND ORDER

Christopher LaRose, Warden,

    Respondent.

## I. INTRODUCTION

Petitioner Jeffrey Scott Phillips, proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction on charges of aggravated murder, aggravated robbery, aggravated burglary, arson, and tampering with evidence in the Stark County, Ohio Court of Common Pleas. (Doc. No. 1). I previously adopted the Report and Recommendation of Magistrate Judge Kenneth McHargh with respect to Phillips' second and third grounds for relief, dismissing those as procedurally defaulted, and with respect to the portion of Ground 4 raising manifest weight of the evidence, dismissing that portion of Phillips' claim as non-cognizable in habeas proceedings. (Doc. No. 38). I granted Phillips' motion for the production of trial transcripts and referred the remainder of Phillips' petition to Magistrate Judge David A. Ruiz following Judge McHargh's retirement. (*Id.*).

Respondent subsequently served Phillips with copies of the trial transcript. (Doc. No. 43). Phillips filed an amended traverse, (Doc. No. 55), and Respondent filed a sur-reply to the amended traverse. (Doc. No. 58). Judge Ruiz reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 67). Phillips has filed objections to Judge Ruiz's Report and Recommendation. (Doc. No. 71). Respondent filed a reply to Phillip's objections. (Doc. No. 72).

Phillips also has filed objections to Judge Ruiz's orders denying Phillips' Rule 60(b) motion and his motion to expand the record. (Doc. No. 60 and Doc. No. 68).

For the reasons stated below, I overrule Phillips' objections and adopt Judge Ruiz's Report and Recommendation.

## II. BACKGROUND

On October 29, 2010, a jury found Phillips guilty of aggravated murder with death penalty specifications, aggravated robbery, aggravated burglary, arson, and tampering with evidence. The case proceeded to the sentencing phase, during which the jury concluded the aggravating circumstances did not outweigh the mitigating factors by proof beyond a reasonable doubt. The trial court subsequently sentenced Phillips to life in prison without the possibility of parole.

Phillips does not object to Judge Ruiz's recitation of the factual and procedural background of this case and I adopt those sections of the Report and Recommendation in full. (Doc. No. 67 at 3-8).

## III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties

and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

A party may object to a magistrate judge's decision on a pretrial matter which is not dispositive of the party' claim or defense by filing objections within 14 days. Fed. R. Civ. P. 72(a). The party must demonstrate that "part of the order . . . is clearly erroneous or is contrary to law." *Id.*

### IV. DISCUSSION

#### A. NON-DISPOSITIVE ORDERS

Phillips filed a Rule 60(b)(1) motion concerning Judge McHargh's analysis of Phillips' actual-innocence claim, (Doc. No. 44), and a motion to expand the record to include a police report generated following the victim's death and a purported witness list. (Doc. No. 54). Judge Ruiz denied both motions. (Doc. No. 57 and Doc. No. 65).

A petitioner who objects to a magistrate judge's order which does not dispose of any claims or defenses must show the order was "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); *see Haight v. Parker,* No. CIVA3:02-CV-206-S, 2010 WL 1489979, at *1 (W.D. Ky. Apr. 13, 2010); *Alvarado v. Warden, Ohio State Penitentiary,* No. 3:16 CV 2563, 2018 WL 5783676, at *1 (N.D. Ohio Nov. 5, 2018). A decision is contrary to law if it contains "any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), (citation omitted). A factual finding is "where it is against the clear weight of the evidence or where the court is of the definite and firm

3

conviction that a mistake has been made." *Alvarado*, 2018 WL 5783676, at *3 (quoting *McKnight v. Bobby*, No. 2:09-cv-059, 2017 WL 603253, at *4 (S.D. Ohio Feb. 14, 2017)).

First, Phillips argues Judge Ruiz incorrectly rejected his Rule 60(b) motion because he had identified evidence which was not presented to the jury during his trial, and Sixth Circuit precedent considers such evidence to be sufficient to meet the actual-innocence standard. (Doc. No. 60 at 3). Evidence must be "new" to satisfy the actual-innocence standard, and a petitioner is not entitled to habeas relief based upon evidence which was known to him at the time of his trial but which was not presented during that trial. *Connolly v. Howes*, 304 F. App'x 412, 418 (6th Cir. 2008) ("Because all of this evidence was available to Connolly when he pled on June 27, 1994 and would have been available to him at trial, none of it is 'new.'").

Second, Phillips objects to Judge Ruiz's determination that Phillips had failed to show either document he seeks to include through his motion to expand the record was part of the record before the state court at the time it adjudicated his claims on the merits. (Doc. No. 65 at 7 (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (holding "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."))). Phillips argues Judge Ruiz erred in denying his motion to expand the record because the evidence he proposes to introduce would prove a witness provided false testimony and that the state falsely claimed to have an FBI agent available to testify concerning a cell-tower data analysis presented during his trial. (Doc. No. 68 at 4-5). Phillips fails to explain why these documents are relevant in this habeas proceeding in light of the Supreme Court's holding in *Cullen v. Pinholster*, which limits a habeas court's review to the record before the state court.

Phillips fails to show Judge Ruiz's decisions were contrary to law. Therefore, I overrule his objections.

4

**B. PHILLIP'S HABEAS PETITION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

There are two remaining grounds in Phillips' petition: Ground 1, asserting ineffective assistance of trial counsel, and the portion of Ground 4 challenging the sufficiency of the evidence.

**1. Ineffective Assistance of Counsel**

Judge Ruiz recommends I conclude Phillips' first ground for relief lacks merit because he fails to show that the state court of appeals' analysis of his ineffective assistance of appellate counsel claim was unreasonable. (Doc. No. 67 at 18). Phillips objects to this recommendation, arguing there is a reasonable likelihood the outcome of his trial would have been different if trial counsel had objected to the testimony of a detective concerning FBI analysis of data pulled from cell phone towers near the victim's house, or if counsel had called an FBI agent as a witness and questioned the agent concerning the analysis and the manner in which it was conducted. (Doc. No. 71 at 3-6).

A defendant must show "his counsel's performance was deficient and that it prejudiced him" in order to prevail on an ineffective assistance of counsel claim. *Nichols v. Heidle*, 725 F.3d 516, 539 (6th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance means that 'counsel's representation fell below an objective standard of reasonableness[,]' [while prejudice] means 'there is a reasonable probability that, but for counsel's unprofessional errors [i.e.,

deficient performance], the result of the proceeding would have been different.'" *Nichols*, 725 F.3d at 539 (quoting *Strickland*, 466 U.S. at 688, 694)).

When the defendant asserts an ineffective-assistance claim in a habeas petition, the petitioner must show "the state court's rejection of that claim was 'contrary to, or involved an unreasonable application of' *Strickland*, or rested 'on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nichols*, 725 F.3d at 540 (quoting 28 U.S.C. § 2254(d)). Thus, the AEDPA mandates that a habeas court's review of the state court's ineffective-assistance analysis is "doubly deferential." *Pinholster*, 563 U.S. at 189 (citations omitted).

The state appellate court considered Phillips' ineffective-assistance-of-counsel claim on direct appeal and concluded that neither trial counsel's decision not to object to the detective's testimony nor counsel's decision not to call an FBI agent to testify concerning the process by which the cell tower data was collected and analyzed constituted ineffective assistance. *Ohio v. Phillips*, 2011-Ohio-6569, 2011 WL 6655887, at *3-4 (Ohio Ct. App. Dec. 19, 2011).

Trial counsel's tactical decisions are presumed to fall within the wide range of acceptable professional assistance. *See, e.g., Lundgren v. Mitchell,* 440 F.3d 754, 774 (6th Cir. 2006). While Phillips contends trial counsel should have contested the accuracy of the cell data more aggressively in light of the circumstantial nature of much of the rest of the evidence in the prosecution's case, he fails to acknowledge the state court's identification of the substantial risks associated with drawing more attention to this area of the case – "a competent defense attorney, having reviewed the prosecutor's discovery materials, may likely have made a strategic decision not to insist on the presence of a qualified federal agent at trial to possibly buttress the accuracy of a software program used to track movements from a murder suspect's cell phone." *Ohio v. Phillips*, 2011 WL 6655887 at *4.

Moreover, Phillips himself offers a reason why defense counsel may have concluded it would not be useful to object or to call an FBI agent as a witness – "Petitioner lived near the victim and

6

cell towers would have overlapped Petitioner's residence at the time." (Doc. No. 71 at 4). Phillips fails to show trial counsel acted unreasonably in declining to draw attention to facts which may have tended only to further support the prosecution's argument that Phillips was in the vicinity of the crime scene on the night the victim was murdered.

Phillips fails to show the state court's ineffective-assistance conclusion was a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "that [were] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Therefore, I overrule his objections to Judge Ruiz's recommendation concerning Ground 1 of his petition.

### 2. Insufficiency of the Evidence

Judge Ruiz recommends I conclude that the portion of Phillips' fourth ground for relief challenging the sufficiency of the evidence underlying his conviction lacks merit and must be denied. (Doc. No. 67 at 26-27). Phillips objects, arguing the evidence against him was insufficient because witness testimony was inconsistent and there was no physical evidence linking him to the crime. (Doc. No. 71 at 6-9).

Like ineffective-assistance claims, a habeas petitioner's insufficient-evidence claims are subject to two layers of deference. On direct appeal, the "reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (citation omitted). Then, during habeas proceedings, the federal court may overturn the state court's decision "only if the state court was objectively unreasonable." *Id.* (citation and internal quotation marks omitted).

As Judge Ruiz noted, the state appellate court applied the correct standard for evaluating sufficiency of the evidence claims, as described in *Jackson v. Virginia*, 443 U.S. 307 (1979). (Doc. No.

7

67 at 21-22). Juries have "broad discretion in deciding what inferences to draw from the evidence presented at trial, [and federal law requires] only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman*, 566 U.S. at 655 (quoting *Jackson*, 443 U.S. at 319).

Phillips argues that circumstantial evidence drawn from the testimony from two witnesses who were found in possession of the victim's property "must be evaluated with caution" because of the self-serving nature of that testimony and what he claims to be "incongruent and impossible statements made by two drug-addled, co-conspiring witnesses." (Doc. No. 71 at 6, 8-9). It is the jury's duty, however, to "resolve conflicts in the testimony," and reviewing courts are not free to make their "own subjective determination of guilt or innocence." *Herrera v. Collins*, 506 U.S. 390, 402 (1993) (quoting *Jackson*, 443 U.S. at 319-20). Moreover, challenges to witness credibility go to the quality, and not the sufficiency, of the evidence. *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002) (quoting *United States v. Adamo*, 742 F.2d 927, 935 (6th Cir. 1984)).

The state appellate court concluded there was sufficient circumstantial evidence to permit a rational trier of fact to convict Phillips on each of the charges against him:

> The record in this case reveals overwhelming evidence that appellant was in possession of Leeson's Chrysler and two TVs from Leeson's house the morning after Leeson was killed. Appellant was seen "torching" the Chrysler, creating an inference that he was trying to destroy evidence. After this, appellant got in the passenger seat of Carli's car, telling Carli she "might hear some bad things," and not to start talking about something "you don't know about." . . . Evidence was also presented of appellant's jealousy over Tammie Goodwin, who periodically stayed with Leeson and maintained a sexual relationship with him. Appellant's jealousy over Goodwin was evinced by a letter dated the day before the killing, in which appellant told another of Goodwin's boyfriends, prison inmate Mike Stillion, that Goodwin was his and Stillion should leave her alone, claiming to be "one of the baddest motherfuckers with my hands you'll ever know." Furthermore, Beth Ann Pryor, a long-time friend of appellant, had spoken to appellant a few weeks before the killing, at which time appellant told her he was aware that Leeson always had "a pocketful of money on Friday nights" and that he was going to "rob the old man."

*Ohio v. Phillips*, 2011 WL 6655887 at *8.

Phillips fails to show it was unreasonable for the state appellate court to conclude a rational juror could have determined there was proof beyond a reasonable doubt of each essential element of the crimes, when viewing the evidence in the light most favorable to the prosecution. *Jackson*, 443 U.S. at 319. Therefore, I overrule his objection and adopt Judge Ruiz's recommendation as to the remainder of Ground 4 of Phillips' habeas petition.

## V. CONCLUSION

For the reasons stated above, I overrule Phillips' objections, (Doc. No. 71), to Judge Ruiz's Report and Recommendation, (Doc. No. 67), and adopt the Report and Recommendation in full. I deny Grounds 1 and 4 of Phillips' petition for a writ of habeas corpus.

I also overrule Phillips' objections, (Doc. No. 60 and Doc. No. 68), to Judge Ruiz's decisions denying Phillips' Rule 60(b) motion, (Doc. No. 57), and denying Phillips' motion to expand the record. (Doc. No. 65).

Further, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge